**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | | |
|---|---|---|
| **JOHN BARNES,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION NUMBER:** |
| | : | |
| **V.** | : | |
| | : | |
| **THE SAVANNAH COUNTRY** | : | **JURY TRIAL DEMANDED** |
| **DAY SCHOOL, INC.,** | : | |
| **Defendant.** | : | |

_____

**COMPLAINT**

COMES NOW PLAINTIFF JOHN BARNES, by and through undersigned counsel and brings this Complaint against Defendant The Savannah Country Day School, Inc., (hereinafter "Savannah Country Day School") and shows the Court as follows:

**INTRODUCTION**

John Barnes was a music teacher at Savannah Country Day School.  During the 2019-2020 school year, he committed himself to physician-supervised inpatient treatment for a serious health condition.  Leave under the Family and Medical Leave Act (FMLA) was sought by Mr. Barnes and approved by Savannah Country Day

School.   Mr. Barnes returned to work and successfully performed his responsibilities.

During Thanksgiving Day weekend of the 2020-2021 school year, Mr. Barnes again committed himself to physician-supervised inpatient treatment for a serious health condition. From the treatment facility, Mr. Barnes was unable to contact his employer at this time and the facility failed to do so. Savannah Country Day School was notified of the reasons for Mr. Barnes' absence on Monday, the first day of work following the Thanksgiving Day weekend. Mr. Barnes' employment was terminated four (4) days later.

In all respects regarding this and other circumstances of his serious health condition, Mr. Barnes was qualified for leave under the FMLA. Savannah Country Day School knew the circumstances of Mr. Barnes' serious health condition yet failed to notify Mr. Barnes that his absence may be designated as leave under the FMLA, as required by the FMLA. Knowing Mr. Barnes had the right to be notified that he qualified for FMLA leave and knowing that it had failed to provide him that notice as required by law, Savannah Country Day School terminated Mr. Barnes' employment four (4) days after it received notice that he was undergoing treatment. Savannah Country Day School interfered with and denied Mr. Barnes all FMLA rights accruing or otherwise available subsequent to receiving notice of his serious health condition, including without limitation providing him with notice of his rights

under the FMLA and including further his right to be returned to his previous position of employment.  Mr. Barnes seeks relief from this Court for Savannah Country Day School's violations of the FMLA.

Given his serious health condition, Mr. Barnes was also a qualified individual with a disability as those terms are defined in the Rehabilitation Act of 1973 ("Rehabilitation Act") and the Americans with Disabilities Act Amendments Act ("ADAAA") because he was able to perform all essential functions of his position with or without a reasonable accommodation.  Indeed, during the 2019-2020 school year, Savannah Country Day School granted Mr. Barnes the same accommodation he would have requested if his employment had not been immediately terminated on the basis of his disability.  Mr. Barnes seeks relief from this Court for Savannah Country Day School's violations of the Rehabilitation Act.

## JURISDICTION AND VENUE

1.

Mr. Barnes brings this action pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (hereinafter "FMLA") and pursuant to Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794, *et seq.* ("Section 504")[1] to

---

[1] "The standards used to determine whether [Section 504 of the Rehabilitation Act] has been violated in a complaint alleging employment discrimination under this section shall be the standards applied under title I of the Americans with Disabilities Act of 1990 (42 U.S.C. 12111, *et seq.*) and the provisions of sections 501 through 504, and 510, of the Americans with Disabilities Act of 1990 (42 U.S.C. 12201 to 12204 and 12210), as such sections relate to employment."  29 U.S.C. § 794(d).

recover (1) compensatory damages for lost wages, vacation, retirement benefits, healthcare benefits and all other recoverable losses arising out of termination of his employment in violation of the FMLA; (2) liquidated damages under the FMLA; (3) compensatory and punitive damages, and all other relief provided under the Rehabilitation Act; and (4) his costs of litigation, including reasonable attorney fees. Mr. Barnes also seeks all equitable relief available under the FMLA and the Rehabilitation Act, including reinstatement.

## 2.

This Court has subject matter jurisdiction over this action under Article III, § 2 of the United States Constitution and 28 U.S.C. § 1331 because this case arises under the FMLA and the Rehabilitation Act of 1973.   Jurisdiction is further conferred pursuant to 29 U.S.C. § 794a, 42 U.S.C § 2000e-5(f)(3), and 42 U.S.C § 2000d-7 (Rehabilitation Act).

## 3.

Venue properly lies in the Southern District of Georgia under 28 U.S.C. § 1391 because Savannah Country Day School is located in this judicial district and the events giving rise to Mr. Barnes' claims arose in this judicial district.  Further, this is the Judicial District and Division: in which the unlawful employment practice was committed, in which the employment records relevant to such practice are

maintained and administered, and in which the aggrieved person would have worked but for the alleged unlawful employment practice.  42 U.S.C. § 2000e-5(f)(3).

## THE PARTIES

4.

John Barnes was employed by Defendant Savannah Country Day School as a music teacher at its school facility in Savannah, Chatham County, Georgia from August 18, 2018 until termination of his employment on December 4, 2020.  He resides in Chatham County, Georgia.

5.

Savannah Country Day School is a not-for-profit domestic corporation organized under the laws of the state of Georgia and is authorized to do business in the state of Georgia.

6.

Savannah Country Day School is subject to the personal jurisdiction of this Court.

7.

Savannah Country Day School may be served with process through its registered agent, Timothy Kiene at its principal office located at 824 Stillwood Drive Savannah, Georgia 31419.

# PREDICATE FACTS

## 8.

Savannah Country Day School employed Mr. Barnes for at least twelve (12) consecutive months immediately prior to November 30, 2020, the date on which he first qualified for FMLA leave, as further described below, and for at least twelve (12) consecutive months immediately prior to December 4, 2020, the date on which Savannah Country Day School terminated his employment.

## 9.

Savannah Country Day School employed Mr. Barnes for at least 1250 hours during the twelve (12) consecutive months immediately prior to November 30, 2021, the date on which he first qualified for FMLA leave, and for at least 1250 hours during the twelve (12) consecutive months immediately prior to December 4, 2020, the date on which Savannah Country Day School terminated his employment.

## 10.

At all times material to this action, Mr. Barnes was an "eligible employee" of Savannah Country Day School within the meaning of the FMLA.  29 U.S.C. § 2611(2).

## 11.

Savannah Country Day School employed fifty (50) or more employees within

seventy-five (75) miles of the worksite at which it employed Mr. Barnes each working day during each of at least twenty (20) calendar workweeks in both 2019 and 2020.  29 U.S.C. § 2611(11).

12.

At all times material to this action, Savannah Country Day School has been an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

13.

At all relevant times, and at the time it violated the Rehabilitation Act, as described herein, Savannah Country Day School received and expended substantial financial assistance from the federal government as the result of contracts with the federal government.

14.

At all times relevant to this action, Savannah Country Day School knew it constituted a program or activity receiving federal financial assistance as defined by the Rehabilitation Act.  29 U.S.C. § 794(a), (b).

15.

As a recipient of federal financial assistance, Savannah Country Day School was subject to the requirements of Section 504 of the Rehabilitation Act, including the requirement that it not subject otherwise qualified individuals with disabilities to

discrimination on the basis of their disability.  29 U.S.C. § 794(a).

16.

At all times material to this action, Savannah Country Day School has been engaged in or has affected interstate commerce.

17.

From August 2018 to December 4, 2020, John Barnes was employed by Savannah Country Day School as a music teacher.

18.

During the 2019-2020 school year, from approximately January 25, 2020 through approximately February 24, 2020, he was absent from work as a result of having committed himself to physician-supervised inpatient treatment for a serious health condition.

19.

Leave under the Family and Medical Leave Act (FMLA) was sought by Mr. Barnes for leave from January 25, 2020 to February 24, 2020 and that leave was approved by Savannah Country Day School.

20.

After this period of FMLA leave, Mr. Barnes returned to work and successfully performed his responsibilities.

21.

During Thanksgiving Day weekend of the following school year, on approximately Friday, November 27, 2020, Mr. Barnes again committed himself to physician-supervised inpatient treatment for the same serious health condition for which he sought and received FMLA leave during the 2019-2020 school year, as described in paragraph 19, above.

22.

It was not foreseeable to Mr. Barnes that he would encounter circumstances requiring his admission to inpatient treatment for his serious health condition on approximately November 27, 2020.

23.

On Monday following the Thanksgiving Day weekend, the first day of work after that weekend, Savannah Country Day School was notified of the reasons for Mr. Barnes' absence from work.

24.

In all respects regarding the circumstances of this serious health condition, Mr. Barnes was qualified for leave under the FMLA.

25.

In all respects regarding the circumstances of this serious health condition,

Mr. Barnes was a qualified individual with a disability under the Rehabilitation Act.

26.

Before and at the time of its decision to terminate Mr. Barnes' employment, Savannah Country Day School: knew the circumstances of Mr. Barnes' serious health condition; knew his location at the treatment facility in Statesboro, Georgia; and knew how to provide him with, *inter alia*, notice of his qualification for leave and other rights under the FMLA.

27.

Despite knowledge of Mr. Barnes' circumstances, location and means of contacting him, Savannah Country Day School failed to notify Mr. Barnes that his absence may be designated as leave under the FMLA, as required by the FMLA.

28.

Despite knowledge of Mr. Barnes' circumstances, location and means of contacting him, and before Mr. Barnes could seek accommodation, Savannah Country Day School failed to offer Mr. Barnes the accommodation it offered him during the 2019-2020 school year.

29.

Knowing Mr. Barnes had the right to be notified that he qualified for FMLA leave and knowing that it had failed to provide him that notice as required by law,

Savannah Country Day School terminated Mr. Barnes' employment on December 4, 2020, four (4) days after learning of his serious health condition and his location at the inpatient treatment at the Statesboro, Georgia treatment facility.

30.

Knowing or perceiving Mr. Barnes was a qualified individual with a disability and knowing that it failed to provide him the same reasonable accommodation previously provided for his absence from January 24, 2020 to February 25, 2020, Savannah Country Day School terminated Mr. Barnes' employment on December 4, 2020, four (4) days after learning of the latest manifestation of his known or perceived disability.

31.

Within the twelve (12) months immediately preceding the day on which Savannah Country Day School terminated his employment, Mr. Barnes had taken approximately thirty-five (35) days of leave designated as FMLA leave.

32.

Within the twelve (12) months immediately preceding the day on which Savannah Country Day School terminated his employment, Mr. Barnes had not expended twelve (12) work weeks of allowed leave under the FMLA.

## COUNT I

## INTERFERENCE WITH RIGHTS
## PROVIDED BY THE FAMILY AND MEDICAL LEAVE ACT

33.

It is unlawful for Savannah Country Day School "to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided [by the FMLA]." 29 U.S.C. § 2615(a)(1).

34.

"Failure to follow the notice requirements [of the FMLA and its implementing regulations] may constitute an interference with, restrain, or denial of the exercise of an employee's FMLA rights." 29 C.F.R. § 825.300(e).

35.

"[W]hen the employer acquires knowledge that an employee's leave may be for an FMLA–qualifying reason, the employer must notify the employee of the employee's eligibility to take FMLA leave within five business days absent extenuating circumstances." 29 C.F.R. § 825.300(b)(1).

36.

"When the employer has enough information to determine whether the leave is being taken for an FMLA–qualifying reason . . . , the employer must notify the

employee whether the leave will be designated and will be counted as FMLA leave within five business days absent extenuating circumstances." 29 C.F.R. § 300(d)(1).

37.

Savannah Country Day School acquired enough information and actual knowledge that Mr. Barnes' absence from work might be for an FMLA-qualifying reason (i.e., that he was admitted for inpatient treatment of a serious health condition) on Monday, November 30, 2020.

38.

Savannah Country Day School never notified Mr. Barnes whether his absence from work beginning November 30, 2020 might or would be designated or counted as FMLA leave.

39.

No extenuating circumstances prohibited or interfered with Savannah Country Day School notifying Mr. Barnes whether leave beginning November 30, 2020 might or would be designated or counted as FMLA leave.

40.

Savannah Country Day School unlawfully failed to notify Mr. Barnes whether leave for the purpose of inpatient treatment of his serious health condition would be designated or counted as FMLA-protected leave.

41.

Savannah Country Day School decided to terminate Mr. Barnes' employment based in part on his previous use of FMLA leave in January and February 2020.

42.

It is unlawful for Mr. Barnes' past use of FMLA to be a negative or motivating factor for Savannah Country Day School's decision to terminate his employment. 29 U.S.C. § 825.220(c); *Coleman v. Redmond Park Hosp., LLC*, 589 Fed. Appx. 436, 439 (11th Cir. 2014), citing *Smith v. BellSouth Telecommunications, Inc.*, 273 F.3d 1303, 1314 (11th Cir. 2001).  See also *Sprinkle v. City of Douglas, Ga.*, 621 F. Supp. 2d 1327, 1339 (S.D. Ga. 2008).

43.

Savannah Country Day School violated Mr. Barnes' rights under the FMLA when it used his exercise of rights thereunder in January and February 2020 as a negative and motivating factor in terminating his employment.

44.

In using Mr. Barnes' exercise of FMLA rights as a negative and motivating factor in decision to terminate his employment, Savannah Country Day School interfered with, restrained, and denied Mr. Barnes' rights provided by the FMLA. 29 U.S.C. § 2615(a)(1).

45.

Indeed, but for Mr. Barnes' known serious health condition and his use of

FMLA leave during the 2019-2020 school year and his prospective use of FMLA

leave in the 2020-2021, Savannah Country Day School would not have terminated

his employment on December 4, 2020. 29 U.S.C. § 2615(a)(1).

46.

If Mr. Barnes had received timely notice that his absence from work beginning

November 30, 2020 could be designated or counted as FMLA leave, Mr. Barnes

would have taken all actions necessary to comply with FMLA legal requirements

and Savannah Country Day School employment policies so as to protect both his

employment and the interests of Savannah Country Day School.

47.

As a direct and proximate result of Savannah Country Day School's unlawful

conduct, Mr. Barnes suffered loss of employment, lost wages, and loss of vacation,

retirement, healthcare and other benefits of employment.

48.

Mr. Barnes incurred further financial losses as a direct and proximate result

of Savannah Country Day School's unlawful conduct, including without limitation

expenditure of his retirement savings and other expenses directly related to termination of his employment and efforts to seek other employment.

49.

The FMLA authorizes Mr. Barnes to recover from Savannah Country Day School the value of all financial losses directly or proximately caused by Savannah Country Day School's unlawful conduct.  29 U.S.C. §2617(a)(1), 29 U.S.C. § 29 C.F.R. § 825.300(e).

50.

The FMLA authorizes Mr. Barnes to recover from Savannah Country Day School pre-judgment and post-judgment interest on all financial losses, calculated at the prevailing rate and as otherwise provided by law.  *Id.*

51.

The FMLA further authorizes recovery of liquidated damages in addition to the financial losses alleged above.  *Id.*

52.

The FMLA further authorizes this Court to award Mr. Barnes reinstatement to his former position in accordance with the rates of pay, rules and working conditions that would apply to him had his employment not been unlawfully

terminated, 29 U.S.C. § 2617(a)(1)(B), or in lieu thereof, front pay.  *Wai v. Fed. Exp. Corp.*, 461 Fed. Appx. 876, 884 (11th Cir. 2012).

53.

The FMLA further authorizes Mr. Barnes to recover his costs of litigation, including his reasonable attorney fees.  29 U.S.C. § 2617(a)(3).

54.

Mr. Barnes seeks all relief authorized by the FMLA from this Court for Savannah Country Day School's violations of the FMLA.

## COUNT II

### DISCRIMINATION BECAUSE SAVANNAH COUNTRY DAY SCHOOL REGARDED MR. BARNES AS HAVING A DISABILITY

55.

Savannah Country Day School believed Mr. Barnes' serious health condition was an actual impairment that substantially limited one or more of his major life activities, including but not limited to working.  29 U.S.C. § 794(a), (d), 42 U.S.C. § 12102(2)(A), 29 C.F.R. § 1630.2(i).

56.

Savannah Country Day School perceived Mr. Barnes' serious health condition as a physical impairment that substantially limited one or more of his major life activities, including but not limited to working.  *Id*.

- 17 -

57.

Savannah Country Day School intentionally, and with reckless indifference to Mr. Barnes' rights, violated the Rehabilitation Act by terminating his employment because (a) it believed Mr. Barnes' serious health condition was an actual impairment that substantially limited one or more of his major life activities, including but not limited to working, or (b) because it perceived his serious health condition as a physical impairment that substantially limited one or more of his major life activities, including but not limited to working, despite the clear prohibition of taking adverse action against otherwise qualified individuals on that basis, as set forth in the ADAAA. 29 U.S.C. § 794(a), (d), 42 U.S.C. § 12112(a), 12102 (1)(C), 12102 (3), 29 C.F.R. § 1630.2 (g), (l).

58.

As a direct and proximate result of Savannah Country Day School's intentional discrimination, Mr. Barnes suffered damages, including without limitation lost income and other job-related benefits, physical and emotional distress, mental anguish, inconvenience, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.  29 U.S.C. § 794(a)(1), 42 U.S.C. § 2000e-5(e)(3), (f), (g), (h), (i) and (k), 42 U.S.C. §§ 1981(a)(2), 1981a(b).

59.

Mr. Barnes seeks recovery of those damages in addition to reinstatement to

employment by Savannah Country Day School, and if reinstatement is not feasible under the circumstances, he seeks an award of damages for future lost wages and benefits of employment, as provided by law. *Id.*

## COUNT III

## DISCRIMINATION ON THE BASIS OF DISABILITY

60.

At all times relevant to this action, Mr. Barnes' serious health condition, as described hereinabove, was a disability within the meaning of the Rehabilitation Act.

61.

At all times relevant to this action, Mr. Barnes' serious health condition was a physical impairment that substantially limited one or more of his major life activities, including but not limited to working. 29 U.S.C. § 794(a), (d), 42 U.S.C. § 12102(2)(A), 29 C.F.R. § 1630.2(i).

62.

At all times relevant to this action, Mr. Barnes' physical impairment and the nature of its limitations were known to Savannah Country Day School.

63.

Despite his physical impairment, Mr. Barnes was able to perform all of the essential functions of his position as a music teacher at Savannah Country Day School with or without a reasonable accommodation.

64.

Savannah Country Day School discriminated against Mr. Barnes in violation of the Rehabilitation Act when it limited, segregated, and classified Mr. Barnes in a way that caused or otherwise contributed to termination of his employment because of his disability.  29 U.S.C. § 794(a), (d), 42 U.S.C. § 12112 (b)(1).

65.

Savannah Country Day School discriminated against Mr. Barnes in violation of the Rehabilitation Act when it utilized standards, criteria or methods of administration that caused or otherwise contributed to the termination of Mr. Barnes' employment because of his disability.  29 U.S.C. § 794(a), (d), 42 U.S.C. § 12112 (b)(3).

66.

Savannah Country Day School discriminated against Mr. Barnes in violation of the Rehabilitation Act when it terminated Mr. Barnes' employment on the basis his disability.  29 U.S.C. § 794(a), (d), 42 U.S.C. §§ 12112 (a), 12102 (1)(A).

67.

Savannah Country Day School intentionally, and with reckless indifference to Mr. Barnes' rights, violated the Rehabilitation Act by terminating his employment because of Mr. Barnes' physical impairment, despite the clear prohibition of taking adverse action against otherwise qualified individuals on that basis, as set forth in

the ADAAA.  29 U.S.C. § 794(a), (d), 42 U.S.C. § 12112(a), 12102 (1)(A).

68.

As a direct and proximate result of Savannah Country Day School's intentional discrimination, Mr. Barnes suffered damages, including without limitation lost income and other job-related benefits, physical and emotional distress, mental anguish, inconvenience, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.  29 U.S.C. § 794(a)(1), 42 U.S.C. § 2000e-5(e)(3), (f), (g), (h), (i) and (k), 42 U.S.C. §§ 1981a(2), 1981a(b).

69.

Mr. Barnes seeks recovery of those damages in addition to reinstatement to employment by Savannah Country Day School, and if reinstatement is not feasible under the circumstances, he seeks an award of damages for future lost wages and benefits of employment, as provided by law.  *Id.*

## COUNT IV

## DISCRIMINATION BASED ON MR. BARNES' RECORD OF DISABILITY

70.

At the time his employment was terminated, Mr. Barnes had a record of impairment as defined by the Rehabilitation Act and the ADAAA in that he had a history of a substantially limiting physical impairment. 29 U.S.C. § 794(a), 42 U.S.C. §§ 12112(a), 12102(1)(B); 29 C.F.R. § 1630.2 (g), (k).

71.

Savannah Country Day School was aware of Mr. Barnes' record of impairment – the same serious health impairment for which FMLA leave was approved from January 24, 2020 to February 25, 2020 – at the time it terminated his employment.

72.

Savannah Country Day School's discharge of Mr. Barnes violated the Rehabilitation Act which prohibits discrimination against qualified individuals because of disability, including because those individuals have a record of disability. *Id*.

73.

Savannah Country Day School intentionally, and with reckless indifference to Mr. Barnes' rights, violated the Rehabilitation Act by terminating his employment because of Mr. Barnes' record of disability, despite the clear prohibition of taking adverse action against otherwise qualified individuals on that basis, as set forth in the ADAAA. *Id*.

74.

As a direct and proximate result of Savannah Country Day School's intentional discrimination, Mr. Barnes suffered damages, including without limitation lost income and other job-related benefits, physical and emotional distress,

mental anguish, inconvenience, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.  29 U.S.C. § 794(a)(1), 42 U.S.C. § 2000e-5(e)(3), (f), (g), (h), (i) and (k), 42 U.S.C. §§ 1981(a)(2), 1981a(b).

75.

Mr. Barnes seeks recovery of those damages in addition to reinstatement to employment by Savannah Country Day School, and if reinstatement is not feasible under the circumstances, he seeks an award of damages for future lost wages and benefits of employment, as provided by law.  *Id*.

**WHEREFOR PLAINTIFF RESPECTFULLY PRAYS:**

1. That Mr. Barnes' claims be tried before a jury;

2. For Judgment to be entered against Savannah Country Day School for its violations of Mr. Barnes' rights under the FMLA and the Rehabilitation Act;

3. For Judgment requiring Savannah Country Day School to make Mr. Barnes whole by reimbursing him for out-of-pocket losses as well as lost compensation in an amount equal to the sum of any wages, salary, employment benefits or other compensation or benefits denied or lost as a result of its violation of Mr. Barnes' rights under federal law and other proximate financial losses;

4. For Judgment requiring Savannah Country Day School to compensate Mr. Barnes for his mental and emotional distress damages suffered as a result of its violation of Mr. Barnes' rights under federal law;

5. For Judgment awarding Mr. Barnes punitive damages against Savannah Country Day School as appropriate in an amount determined by a jury;

6. For Judgment awarding Mr. Barnes interest on all applicable financial losses calculated at the prevailing rate and as authorized by law;

7. For Judgment awarding Mr. Barnes liquidated damages equal to the amount of his demonstrated financial losses;

8. For Judgment requiring reinstatement of Mr. Barnes to his former position or providing him front pay in lieu of reinstatement;

9. For Judgment awarding Mr. Barnes payment of his costs of litigation, including his reasonable attorney fees, from Savannah Country Day School;

10. For a permanent injunction enjoining Savannah Country Day School and its successors, deputies, agents, employees, attorneys, and those acting in concert with them, from engaging in any employment practice or policy which interferes with, or fails to fulfill, their obligations under the FMLA and the Rehabilitation Act;

11. For an Order requiring Savannah Country Day School and its managerial employees to complete training regarding their employees' rights under the FMLA and the Rehabilitation Act; and

12. That the Court award such other and further legal and equitable relief as will effectuate the purposes of the FMLA and the Rehabilitation Act, or as the Court deems just and proper.

RESPECTFULLY SUBMITTED, this 19th day of October, 2021.


*/s/ S. Wesley Woolf*
S. WESLEY WOOLF
Georgia Bar No. 776175
*Attorney for Plaintiff*


WOOLF LAW FIRM
408 East Bay Street
Savannah, Georgia 31401
T:  (912) 201-3696
F:  (912) 236-1884
woolf@woolflawfirm.net